IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-169-BO

| | |
|---|---|
| PALOMO FARMS, LLC/HEMPORT,<br>Plaintiff, | )<br>)<br>) |
| v. | )        O R D E R<br>) |
| U.S. DRUG ENFORCEMENT AGENCY,<br>U.S. CUSTOMS AND BORDER<br>PROTECTION, U.S. DEPARTMENT OF<br>JUSTICE, and JEFF SESSIONS, U.S.<br>ATTORNEY GENERAL,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

This cause comes before the Court on plaintiff's motion to amend complaint to correct the spelling of the defendants' names in the caption and defendants' motion to dismiss. The appropriate responses and replies have been filed, and hearing was held before the undersigned on May 9, 2018, at Raleigh, North Carolina. For the reasons that follow, the motion to amend is granted and the motion to dismiss is granted.

BACKGROUND

Plaintiff is a North Carolina limited liability company that on December 30, 2016, applied to the Drug Enforcement Administration for registration as an importer of cannabis seeds for use in the manufacture of industrial hemp. The use of cannabis seeds for industrial hemp is governed, in pertinent part, by Section 7606 of Agricultural Act of 2014 (the Farm Bill), which granted a limited exception to the regulation of cannabis seeds as Schedule I controlled substances under the Controlled Substance Act. *See* 7 U.S.C. § 5940; 21 U.S.C § 952. The limited exception under Section 7606 allows an institution of higher learning or a state department of agriculture to grow

or cultivate industrial hemp notwithstanding the Controlled Substances Act or other federal law if (1) the industrial hemp is grown or cultivated for research purposes under an agricultural pilot program or other research program and (2) the growing or cultivating of industrial hemp is allowed under the laws of the state in which the institute of higher education or state agriculture department is located. 7 U.S.C. § 5940(a). Under the relevant governing regulations, any person or entity seeking a permit to import cannabis seeds must be properly registered and be issued a registration number by the Drug Enforcement Administration (DEA), in addition to acquiring a separate permit for each individual shipment of cannabis seed to be imported. *See* 21 C.F.R. §§ 1312.11; 1312.13.

> Section 7606 specifically authorized certain entities to "grow or cultivate" industrial hemp but did not eliminate the requirement under the Controlled Substances Import and Export Act that the importation of viable cannabis seeds must be carried out by persons registered with the DEA to do so.

81 Fed Reg. 53395-96 (August 12, 2016) [DE 1-3].

Plaintiff alleges it became a member of the North Carolina Industrial Hemp Commission Industrial Hemp Pilot Program as a seed dealer/distributor/processor in April 2017. Cmpl. Ex. 1 ¶ 8. On April 21, 2017, the DEA on plaintiff's application issued to plaintiff an importer registration number which was set to expire March 31, 2018. Cmpl. Ex. 5. In reliance on various permits issued to it by the North Carolina Department of Agriculture & Consumer Services and the DEA's registration number, plaintiff in May 2017 purchased fifty-six bags of cannabis seed for use in industrial hemp cultivation for shipment to the United States. On June 5, 2017, plaintiff applied to the DEA for a permit to import controlled substances for domestic and/or scientific purposes using DEA Form 35 and on June 6, 2017, filed an application to export controlled substances. Compl. Ex. 1 ¶¶12, 16. Plaintiff's cannabis seeds arrived at Raleigh-Durham International Airport on June 12, 2017, and the U.S. Customs and Border Protection refused to release the seeds to plaintiff. *Id.* ¶ 17, 18.

2

DEA representatives later informed plaintiff that DEA's issuance of an importer registration number to plaintiff had been a mistake, and plaintiff was presented with a form entitled "Voluntary Surrender of Controlled Substances Privileges" to sign. Plaintiff was informed that, if it executed the surrender of privileges document, the cannabis seeds that were in Customs and Border Protection custody would be released to the North Carolina Department of Agriculture and Consumer Services for distribution. *Id.* ¶¶ 21-25. Plaintiff refused to sign the voluntary surrender form. *Id.* ¶ 27.

On November 16, 2017, the Acting Administrator of the DEA's Diversion Control Division sent plaintiff a letter stating that, in relation to plaintiff's application made to the DEA on December 30, 2016, for registration as an importer of cannabis seeds, the DEA had, due to administrative error, inadvertently assigned plaintiff a DEA importer registration number. [DE 1-10]. The DEA therefore considered the registration to be invalid and stated that it would treat the matter as a pending application. *Id.* The letter informed plaintiff that "[i]n furtherance of Section 7606, DEA has established the policy of registering state departments of agriculture and institutions of higher education as opposed to registering discrete individuals or private entities who may grow on behalf of the departments of agriculture and institutions of higher education." *Id.* The letter further informed plaintiff that the DEA would not grant plaintiff's Form 35 application for a permit to import controlled substances filed on June 5, 2017. *Id.*

Plaintiff filed this action on December 6, 2017, seeking injunctive and declaratory relief as well as relief pursuant to Fed. R. Civ. P. 81 and a claim for equitable estoppel. Specifically, plaintiff seeks an injunction because its rights under the Farm Bill and the North Carolina Industrial Hemp laws are being and will continue to be violated by the actions of the defendants in arbitrarily and capriciously blocking delivery of certified industrial hemp seed and in continuing to decline

3

to recognize the validity of plaintiff's import permit. Plaintiff seeks a declaration that it is entitled to take delivery of the certified hemp seeds in question and that defendants are not authorized to stop delivery of the certified hemp seeds in question or to impose additional requirements on plaintiff as a condition of delivery. Plaintiff further seeks relief in the nature of mandamus and/or prohibition requiring that defendants transfer custody of the certified industrial hemp seed and withdraw their insistence on unauthorized additional requirements that defendants are imposing on plaintiff, including requiring that plaintiff be a department of agriculture and/or institution of higher education in order to obtain an importer registration number. Finally, plaintiff's claim for equitable estoppel alleges that plaintiff relied on assurances and representations of the United States government made through the Farm Bill to its detriment.

Defendants have moved to dismiss the complaint in its entirety, arguing that this Court lacks subject matter jurisdiction to consider plaintiff's claims and that plaintiff has failed to state a claim upon which relief can be granted.

## DISCUSSION

At the outset, the Court grant's plaintiff's unopposed motion to amend the complaint to correct the caption.

As it concerns the Court's subject matter jurisdiction, the Court considers first defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one

4

for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To this end, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558-59 (9th Cir. 1987)). The movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

It is well-settled that the United States, as sovereign, is immune from suit unless it has consented to be sued. *See, e.g., United States v. Sherwood*, 312 U.S. 584, 586 (1941). The "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.*; *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiff in its complaint challenges the actions of the DEA in determining that it had granted plaintiff an importer registration number erroneously and in its denial of plaintiff's application for a permit to import controlled substances for domestic and/or scientific purposes. The United States' consent to be sued in this circumstance is defined by 21 U.S.C. § 877, which provides that:

> All final determinations, findings, and conclusions of the Attorney General under this subchapter shall be final and conclusive decisions of the matters involved, except that any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision. Findings of fact by the Attorney General, if supported by substantial evidence, shall be conclusive.

21 U.S.C. § 877.

An agency decision is final where it marks the consummation of the decision making process, and the decision "must be one by which rights or obligations have been determined, or from which legal consequences will flow . . . ". *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotation and citation omitted). "Legal consequences include agency determinations that

5

restrict the government's power to take contrary litigation positions in subsequent proceedings." *QinetiQ US Holdings, Inc. & Subsidiaries v. Comm'r of Internal Revenue*, 845 F.3d 555, 560 (4th Cir. 2017) (internal alteration and citation omitted); *see also John Doe, Inc. v. Drug Enf't Admin.*, 484 F.3d 561, 567 (D.C. Cir. 2007) ("administrative order is final for jurisdictional purposes when it 'imposes an obligation, denies a right or fixes some legal relationship as a consummation of the administrative process.'").

Here, the November 16, 2017, letter stating the DEA's position that it would treat the importer registration number issued to plaintiff as invalid and that it would deny plaintiff's Form 35 application for a permit to import filed on June 5, 2017, was a final agency determination. Although the letter indicates that it would treat plaintiff's registration application as "pending," and allow plaintiff to withdraw the application with refund of the application fee, the letter plainly fixed a legal relationship between the agency and plaintiff and restricted the DEA's ability to take a contrary litigation position in subsequent proceedings. Accordingly, this Court is without subject matter jurisdiction to consider plaintiff's challenges to the agency decision as any such challenge must be brought in the appropriate court of appeals. 21 U.S.C. § 877.

Plaintiff contends that this Court has subject matter jurisdiction to consider this dispute under 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, and the Administrative Procedures Act (APA). The APA provides for review of final agency action, 5 U.S.C. § 704, but it "does not provide judicial review for everything done by an administrative agency." *Hearst Radio v. F.C.C.*, 167 F.2d 225, 227 (D.C. Cir. 1948). Accordingly, even if the APA was applicable here, the Court would be constrained to dismiss plaintiff's complaint. *See Invention Submission*

*Corp. v. Rogan*, 357 F.3d 452, 454 (4th Cir. 2004) (absent final agency action court lacks subject matter jurisdiction to consider APA claim).

## CONCLUSION

In sum, plaintiff's motion to amend/correct the caption of the complaint [DE 15] is GRANTED. The clerk is DIRECTED to correct the caption on the Court's docket as provided by plaintiff's motion. As the Court lacks subject matter jurisdiction to consider plaintiff's claims, defendants' motion to dismiss [DE 8] is GRANTED and this action is DISMISSED in its entirety. The clerk is DIRECTED to enter judgment and close the file.

SO ORDERED, this __7__ day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE